IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEJA RAVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-1237C |
| v. | ) | (Senior Judge Firestone) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), the United States respectfully requests that the Court dismiss the complaint filed by the plaintiff, Teja Ravi.  In support of this motion, we rely upon Mr. Ravi's complaint, his supporting exhibits, and this brief.[1]

## STATEMENT OF THE ISSUES

1.      Whether this Court has jurisdiction over Mr. Ravi's purported breach of contract claim.

2.      Whether Mr. Ravi has sufficiently pleaded his breach of contract action to state a claim upon which relief may be granted.

## BACKGROUND FACTS

This is a purported breach of contract case against the United States.

The allegations in this case center on a Government-created entity called the University of Farmington (University).  *See generally* Compl.  The University was part of a multi-pronged Government law enforcement operation, designed "to expose student visa fraud."  *See*, *e.g*., *id*. at

---

[1] For the purposes of this motion, we assume that all of the allegations in Mr. Ravi's complaint are true.  Should this motion be denied, we reserve the right to contest all of the allegations in Mr. Ravi's complaint.

¶¶ 1, 3, 8, and 27.  The University was staffed with law enforcement personnel from U.S. Immigration and Customs Enforcement, Homeland Security Investigations, who presented themselves as administrators of the University, *id*. at ¶¶ 1, 8-21, but in actuality were engaged in ferreting out illegal conduct.

The plaintiff, Teja Ravi, insists he was an innocent and unwitting participant in these operations.  He claims that in March 2018, he enrolled at the University in the honest pursuit of higher learning.  ECF No. 1 at 2, ¶ 1.  Mr. Ravi alleges that he understood the University to be a legitimate educational institution that offered services, including classes and accredited degree programs, and that he paid the University $12,500 in tuition.  *See id*. at ¶¶ 9-22.  By doing so, Mr. Ravi claims that a contractual relationship was formed whereby he should have received those services.  *Id*. at ¶¶ 9-22.  Because the Government never provided him with those services, *id*. at ¶ 9, Mr. Ravi claims he may sue the Government in this Court and recover monetary damages under a breach of contract theory.  *Id*. at ¶ 39-49.

ARGUMENT

I.      Standards of Review

A.      Legal Standard Under RCFC 12(b)(1)

The Court of Federal Claims is a court of specific jurisdiction.  *See Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).  Although this Court possesses authority to grant relief against the United States, that authority is capped by the extent to which the United States has waived its sovereign immunity.  *See United States v. Testan*, 424 U.S. 392, 399 (1967).

In addressing RCFC 12(b)(1) motions, a "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed."  *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted).  If this Court's subject matter jurisdiction is challenged, the non-moving party must establish that this Court has jurisdiction over the dispute.  *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998). In such circumstances, this Court may consider evidentiary matters outside the pleadings. *Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985).  Where the moving party "can show that the pleader's allegations are insufficient on their face, as for instance when they fail to properly allege the existence of a contract or privity of contract," a RCFC 12(b)(1) motion "should be granted . . . ."  *Total Medical Management, Inc. v. United States*, 29 Fed. Cl. 296, 299 (1993).

B.       Legal Standard Under RCFC 12(b)(6)

A court should grant a motion to dismiss for failure to state a claim upon which relief may be granted when the claimant's asserted facts do not, under the law, entitle him to a remedy. *See Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998).  For purposes of the motion, the Court assumes that all well-pled factual allegations are true and makes reasonable inferences in favor of the non-movant.  *See id.*  Although a claimant need not recite detailed factual allegations in his complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claims.  *See id.* at 556.

II.     There Was No Tucker Act Contract To Provide Mr. Ravi With Educational Services

Mr. Ravi's complaint fails for the simple reason that there was no contract between the

United States and Mr. Ravi for the provision of educational services.  To establish a valid

contract with the Government, a plaintiff must allege and prove basic contractual elements such

as (1) mutuality of intent to contract, (2) lack of ambiguity in offer and acceptance, and (3)

consideration.  *Seuss v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008).  However, "[w]hen

the United States is a party, a fourth requirement is added: the government representative whose

conduct is relied upon must have actual authority to bind the government in contract." [2]  *City of

Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998); *City of El Centro v. United

States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (same); *see also H.F. Allen Orchards v. United States*,

749 F.2d 1571, 1575 (Fed. Cir. 1984) (explaining that plaintiff must show "that the officer whose

conduct is relied upon had actual authority to bind the government in contract").

Mr. Ravi makes no attempt to plead this last necessary element.  *See generally* Compl.

To establish that the Government agreed to contractually obligate itself under the type of contract

he alleges, Mr. Ravi must identify someone (or some entity) capable of binding the United States

to a contract to provide him with the services he claims were withheld.  Yet Mr. Ravi does not

identify any Government representative who was allegedly authorized to bind the Government to

a contract, much less the source of any such authority.  *See, e.g., H. Landau & Co. v. United

States*, 886 F.2d 322, 324 (Fed. Cir. 1989).  Mr. Ravi's failure to plead this last necessary

contractual element is fatal to his case.  Moreover, it does not appear that Mr. Ravi can plausibly

allege that any Government representative had authority to enter into the alleged contract given

---

[2] A plaintiff alleging an implied in fact contract must allege the same elements, although
a signed writing need not exist.  *See Hanlin v. United States*, 50 Fed. Cl. 697, 699 (2001).

the facts alleged in the complaint.  Indeed, one Federal district court has already dismissed a largely identical breach of contract case on these exact grounds.  *Zhu v. Dep't of Homeland Sec.*, No. 2:18-489, 2019 WL 4261167, at \*4 (W.D. Wash. Sept. 9, 2019) (dismissing plaintiff's breach of contract claim related to another Government-created university because plaintiff did not "allege facts that plausibly show a government's representative had actual authority to bind the government in contract").  For this reason, the complaint should be dismissed.[3]

III.    <u>The Gravamen Of Mr. Ravi's Lawsuits Resounds In Tort, Not Contract</u>

Mr. Ravi's pleaded facts fail in another way.  They actually undermine (rather than support) the notion that there was some mutual contract-based agreement between Mr. Ravi and the Government, and that the harm alleged resulted from a breach of such an agreement.  *United States v. Neustadt*, 366 U.S. 696, 703 (1961) ("We must look beyond the literal meaning of the language to ascertain the real cause of complaint").  As Mr. Ravi's complaint makes clear, there was *no intent* by any Government official to enter into a contract to provide Mr. Ravi with educational services, nor do any of his allegations contest that point.  *See generally* Compl. These facts demonstrate that the purported contract Mr. Ravi identifies lacks the requisite mutuality of intent to contract.  Instead, the gravamen of Mr. Ravi's complaint is that the University itself was "fraudulent," and the Government's "misleading and false statements" caused him harm.  Compl. ¶¶ 4, 10, 30, 31, 36 45, and 50 (alleging "misleading and false statements," "false promises" that were "misleading" and "likely to deceive," and demanding relief for "fraud, negligent misrepresentation, and false promises").  His complaint is rife with these kinds of allegations that demonstrate that the facts giving rise to his lawsuit do not arise out

---

[3] Dismissal under either RCFC 12(b)(1) or 12(b)(6) is appropriate because Mr. Ravi has not alleged facts sufficient to establish the existence of a valid contract.

of any contract, but rather (when taken at face value) resound in tort, regardless of how Mr. Ravi styles his claim. *Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990) (explaining that although plaintiff "couched its complaint in terms of the breach of a duty to prepare the documents adequately, we look beyond its characterization to the conduct on which the claim is based"). Accordingly, neither Mr. Ravi's pleaded claims nor the relief he seeks fit the parameters of a breach of contract case, and for that reason, his complaint must be dismissed. *See Phang v. United States*, 87 Fed. Cl. 321, 325–26 (2009), *aff'd sub nom. Phu Mang Phang v. United States*, 388 F. App'x 961 (Fed. Cir. 2010) (dismissing complaint because allegations of "fraud and fraud in the inducement [to enter into agreement] sound in tort").

IV.   The Sovereign Capacity Doctrine Bars Mr. Ravi's Lawsuit

Beyond its pleading deficiencies, Mr. Ravi's lawsuit has a more fundamental problem centered on the issue of sovereign immunity. As Mr. Ravi's pleading makes clear, the sole purpose of the Government's activities were grounded in law-enforcement objectives. Compl. at ¶¶ 1, 3, 8, and 27. When a purported contract action arises out of "criminal" or "civil enforcement actions . . . that could only be undertaken by the sovereign," this Court has repeatedly barred those cases under the sovereign capacity doctrine. *Aluminum Shapes, LLC v. United States*, 139 Fed. Cl. 709, 714 (2018); *see Trudeau v. United States*, 68 Fed. Cl. 121, 127 (2005), *aff'd*, 186 F. App'x 998 (Fed. Cir. 2006) (citations omitted). That is because the contract does not arise under a circumstances where "the sovereign"—here, the United States—"steps off the throne and engaged in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves." *See Awad v. United* States, 61 Fed. Cl. 281, 284 (2004) (dismissing Tucker Act contract claim because the purported contract "was made in the government's sovereign capacity, since both counter-

6

terrorism efforts and the granting of citizenship and passports are solely government functions").
Rather, the Government is acting in a uniquely sovereign function which lacks "a private
analogue," *id*., meaning the Government has not clearly and unequivocally waived its sovereign
immunity. *Ledford v. United States,* 297 F.3d 1378, 1381 (Fed. Cir. 2002) (explaining that a
waiver of sovereign immunity under the Tucker Act "cannot be implied but must be
unequivocally expressed").

Mr. Ravi has no grounds to contest that the facts giving rise to his case are integrally tied
to a sovereign function. The "contract" he purports to identify was made in furtherance of an
undercover law enforcement operation that squarely falls within the scope of uniquely
Government activity. *Silva v. United States*, 51 Fed. Cl. 374, 377 (2002), *aff'd,* 51 F. App'x 12
(Fed. Cir. 2002) (dismissing Tucker Act contract claim because the alleged "contract would have
been entered into by the FWS for the purpose of furthering undercover law enforcement
operations for illegal importation of wildlife"). Mr. Ravi's pleading concedes that the University
itself was designed for the sole purpose of "expos[ing] student visa fraud." Compl. at ¶¶ 1, 3, 8,
and 27. To facilitate that objective, the University was staffed with law enforcement personnel
who presented themselves as administrators of the University, *id*. at ¶¶ 1, 8-21, but were actually
working undercover to unearth potentially criminal activity. None of these activities, which the
Government took in its sovereign capacity, have any parallel in the private sphere, and therefore,
they are not susceptible to contract-based lawsuits under the Tucker Act.[4] Accordingly, Mr.
Ravi's complaint must be dismissed.

---

[4] We recognize that, apart from his breach of contract claim, Mr. Ravi also pleads an
independent count under an implied duty of good faith and fair dealing. But when a plaintiff
"fail[s] to establish either an express or implied contract with [the United States], its dependent
claim for a breach of implied covenant of good faith and fair dealing also must be dismissed."
*See HSH Nordbank AG v. United States*, 121 Fed. Cl. 332, 340 (2015).

CONCLUSION

For these reasons, we respectfully request that the Court dismiss Mr. Ravi's complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted.


Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Eric P. Bruskin____
ERIC P. BRUSKIN
Assistant Director

/s/ Meen Geu Oh_____
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0184

January 8, 2021                         Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that on this 8th day of January 2021, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Meen Geu Oh