# In the United States Court of Federal Claims

No. 20-1237C
(Filed: March 9, 2021)

|  |  |
|---|---|
| TEJA RAVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER SCHEDULING STATUS CONFERENCE

The court hereby **SCHEDULES** a status conference for **Wednesday, March 17 at 11:00 a.m. eastern time**. The proceeding will be held via AT&T Teleconference with a court reporter present. Counsel for each party have been provided with the dial-in information.

The court has reviewed the amended complaint, the government's motion to dismiss, the response thereto, and the reply. While this status conference will not be an oral argument on the motion to dismiss, the parties should be prepared to discuss the motion to dismiss, and, specifically, the following:

1. The amended complaint alleges that the plaintiff, Teja Ravi, "is a citizen of India who resided in Houston, Texas at the time he enrolled" at the University of Farmington. Am. Compl. ¶ 6, ECF No. 8. Under the Reciprocity Act, 28 U.S.C. § 2502, "[c]itizens or subjects of any foreign government which accords to citizens of the United States the right to prosecute claims against their government in its courts may sue the United States in the United States Court of Federal Claims if the subject matter of the suit is otherwise within such court's jurisdiction." Mr. Ravi should be prepared to discuss his standing to sue the United States in this court as a citizen of India.

2. Mr. Ravi attaches to the amended complaint an I-20 Certificate of Eligibility for Nonimmigrant Student Status, email correspondence with the University of Farmington, an admission letter, and a tuition invoice. Am. Compl., Exs. 1-2. However, the names and other information on these documents are redacted. *See id.* Mr. Ravi should be prepared confirm whether these documents were addressed to him.

3. It is undisputed that the University of Farmington was an undercover operation run by law enforcement agents to expose student visa fraud. *See* Am. Compl. ¶ 1; Reply at 1, ECF No. 12. However, neither the government nor Mr. Ravi explain the results of the University of Farmington operation and any subsequent immigration proceedings pertaining to Mr. Ravi. The government also does not raise the issue of the illegality of the alleged contract and whether Mr. Ravi may recover money voluntarily exchanged in an undercover transaction. The parties should be prepared to discuss these issues, whether the court should consider these issues at this stage of the litigation, and whether consideration of this additional information would convert the government's motion to dismiss into a motion for summary judgment. *See, e.g.*, RCFC 12(d); *Easter v. United States*, 575 F.3d 1332, 1335 (Fed. Cir. 2009) (noting that the court may in its discretion treat a motion to dismiss for failure to state a claim as a summary judgment motion if the court considers matters outside the pleadings); *Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (noting that the court may consider materials that are integral to the complaint, public records, or materials that are otherwise appropriate for taking judicial notice without conversion).

4. Putting aside issues of contract illegality, the government should be prepared to address whether the government was entitled to retain the tuition money as part of a certified undercover operation. *See* 8 U.S.C. § 1363a. The government should also be prepared to discuss whether Mr. Ravi may recover his tuition money by some other means than a breach of contract claim in this court, for example, through any immigration proceedings.

5. Mr. Ravi argues that his tuition payment and correspondence with the University of Farmington amounted to a valid contract that was later breached when it was revealed that the University was a sham, and that law enforcement personnel with actual authority bound the United States because that contract was a necessary part of the University of Farmington operation. *See generally* Resp., ECF No. 9. The government contends that the amended complaint itself acknowledges that the government never intended to provide educational services to Mr. Ravi, and that therefore no contract was formed and it is implausible that any law enforcement personnel would have authority to bind the United States in contract. Reply at 3-9. The government also suggests that

any contract is void *ab initio* due to the government's false statements inducing Mr. Ravi to contract with the University. *Id.* at 8.

Issues of intent and contracting authority are often considered by this court on motions for summary judgment or at trial, and issues regarding misrepresentation are often treated as an affirmative defense to a contract claim.  The government should be prepared to address why dismissal at this stage is appropriate, whether it would be more appropriate for the government to submit affidavits regarding the purpose and intent of the University of Farmington operations and its agents' authority to contract before deciding this issue, and whether consideration of these materials would convert the government's motion to dismiss into a motion for summary judgment.  *See, e.g.*, *Oswalt v. United States*, 41 F. App'x 471, 472 (Fed. Cir. 2002) (noting that where a jurisdictional issue is intertwined with the merits of the case, a decision on jurisdiction should await a determination of the merits "either by the court on a summary judgment motion or by the fact finder at trial" (quotation omitted)); *Mendez v. United States*, 121 Fed. Cl. 370, 384-85 (2015) (deferring a Rule 12(b)(6) challenge based on authority to contract for consideration on summary judgment).

**IT IS SO ORDERED**.

                                                    s/Nancy B. Firestone
                                                    NANCY B. FIRESTONE
                                                    Senior Judge