IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEJA RAVI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-1237 |
| v. | ) | (Senior Judge Firestone) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant, the United States, respectfully requests that the Court enter the attached proposed Protective Order to allow the Government to make filings in this case under seal and to make appropriate redactions to publicly filed documents, and to ensure that there are appropriate safeguards for information that should not be in the public domain.

As the Court is aware, this case involves a challenge to an undercover law enforcement operation. On or before June 25, 2021, the Government must file a supplemental brief in support of motion to dismiss, or in the alternative, for summary judgment. In submitting our supplemental brief, the Court ordered that the Government include in its filing "documents, materials, declarations, and affidavits" that address, in part, "the statutory basis for the University of Farmington undercover operation and whether that operation was certified under relevant statutes." ECF No. 14. Consistent with the Court's order, we intend to include in our filing, among other things, a declaration from the lead case agent explaining the basis of the undercover operation, as well as documents substantiating the certification and authorization process. These documents, as well as others, may contain sensitive information involving law enforcement operations that is not (and should not be) in the public domain.

1

We made attempts (via email and then over the telephone) to negotiate a protective order with counsel for the plaintiff in this case. Despite these attempts, counsel for the plaintiff informed us she opposes the entry of a protective order in this case. We provided the same explanation we now provide to the Court above and we further explained that our proposed protective order would allow either party to challenge designations once they were made—that entry of the protective order would simply allow us to provisionally file documents under seal and make redactions to publicly filed documents. Despite these explanations, counsel for the plaintiff indicated that she would oppose the entry of any protective order at this time.

Regrettably, we now file unilaterally this motion for the entry of a protective order in this case. This Court has approved the use of a substantively similar protective order in at least one of undersigned counsel's other cases, *David Boland, Inc. v. United States*, Consol. No. 18-1841C (Fed. Cl.), although in that case, the request to the Court was made jointly by the parties. We respectfully submit that we have demonstrated good cause for why the Government should (at least provisionally) be permitted to file documents under seal, or public documents with appropriate redactions, and why safeguards may be necessary for some of the information the Government is prepared to disclose. Accordingly, we request that the Court grant this motion and order the entry of the attached protective order in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | MARTIN F. HOCKEY, JR.<br>Acting Director |
|  | s/ Eric P. Bruskin<br>ERIC P. BRUSKIN<br>Assistant Director |
|  | s/ Meen Geu Oh<br>MEEN GEU OH<br>Senior Trial Counsel<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20005<br>Telephone: (202) 307-0184<br>Email: Meen-Geu.Oh@usdoj.gov |
| June 22, 2021 | Attorneys for Defendant |