# In the United States Court of Federal Claims

No. 20-1237C
(Filed: July 15, 2021)

|  |  |
|---|---|
| TEJA RAVI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

## PROTECTIVE ORDER

The court has determined that there is good cause for issuance of a protective order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery **or filed with the court** in this action, and has determined that there is good cause for issuance of an order providing that the attorney-client privilege and work product protection shall not be waived under certain circumstances specified herein. Accordingly, the parties shall comply with the terms and conditions of this protective order.

A. <u>Definitions</u>

1. "Action" shall mean the case captioned *Teja Ravi v. United States*, No. 20-1237 (Fed. Cl.).

2. "Confidential Information" shall mean information that, at the time of its production in discovery **or filing with the court** in the Action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain, **including law enforcement sensitive information**; (b) is either (i) a trade secret or other confidential research, development, or commercial information as those terms are used in RCFC 26(c)(1)(G), or (ii) personal, financial, medical, or other private

   information relating to an individual or corporation that would properly be redacted from any public court filing pursuant to RCFC 5.2.

   3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

   4. "Document" shall mean all items listed in RCFC 34(a)(1)(A) & (B).

   5. "Challenging Party" shall mean any party who challenges the designation of information as Protected Material under this Protective Order.

   6. "Designating Party" shall mean the party or other person producing in discovery **or filing with the court** in the Action any information that the Producing Party seeks to designate and to have treated as Protected Material pursuant to this Protective Order.

   7. "Producing Party" shall mean the person or party producing in discovery **or filing with the court** in the Action.

   8. "Protected Material" means documents, electronically stored information, or other tangible things that contain "Confidential Information," as defined in Paragraphs 2 above.

   9. "Receiving Party" shall mean any party who receives information that has been designated as Protected Material.

B.   Purpose, Scope, and Limitations of Protective Order

   1. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

   2. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Protective Order does not prohibit or absolve the parties from

complying with such other obligations. No part of this Protective Order shall abridge the right of the Government to redact law enforcement sensitive materials, or take appropriate measures to redact such information in the event that information is inadvertently disclosed.

3. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Protected Material under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

4. The protections conferred by this Protective Order do not cover any information that: (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5. This Protective Order does not govern the use by the parties of Protected Material in open court at any hearing or trial, but the parties reserve the right to seek relief from the court in connection with the intended use of Protected Material in any such hearing or trial.

6. This Protective Order governs the disclosure, use, and handling of all Protected Material, regardless of the format or medium in which such Protected Material is generated, stored, or maintained.

7. Any Protected Material referenced in any pleading or contained in any Document filed with the court in this Action by the Producing Party shall at the time of filing cease to be Protected Material unless the Producing Party files the un-redacted pleading or Document under seal.

8. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the Protected Material to lose its designation as Protected Material, then it shall no longer be subject to any protection under this Protective Order.

9. This Protective Order applies to only disclosures, uses, and handling of Protected Material occurring after the entry of this Protective Order.

10. Neither the termination of this Action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

11. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the court.

C. <u>Method for Designating Protected Material</u>

1. Designations of Protected Material shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The designation of Protected Material should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Protected Material" in Section A(8) of this Protective Order.

3. Documents produced in discovery in this Action shall be designated as containing "Protected Material." For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The media on which the Protected Material is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

4. For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain

  Protected Material the following: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

5. For depositions, designation of Protected Material shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Protected Material. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order. After designation of Protected Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Protected Material: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

6. For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3), (4) or (5) above, designation of Protected Material shall be made by labeling the item or the item's container with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If only a portion or portions of the information contained in the item warrant protection as Protected Material, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7. If it comes to a Producing Party's attention that information designated as Protected Material does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D. <u>Challenging Protected Material Designations</u>

1. A Challenging Party shall not be obliged to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Protected Material under this Protective Order by providing to the

Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven calendar days after the Designating Party receives notice from the Challenging Party of its challenge. During the conferring process, the Challenging Party must convey the basis for each challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Receiving Party within 14 calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

4. If the Designating Party decides to withdraw its designation, it shall give notice of its withdrawal to all parties.

5. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a determination from the court.

6. Any information designated as Protected Material pursuant to and after the entry by the court of this Protective Order shall be treated as Protected Material until such time as (a) the Designating Party agrees that it shall no longer be treated as Protected Material or (b) the court rules that such information should not be treated as Protected Material.

7. After a designation as Protected Material is removed or withdrawn by the Designating Party or by the court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any markings or designations as Protected Material. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time for providing the replacement information shall be ten days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

E. <u>Disclosure, Use, and Handling of Protected Material</u>

1. A Receiving Party may use Protected Material in connection with this Action

only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Protected Material only in accordance with the terms of this Protective Order.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and to secure distribution of Protected Material.

3. Protected Material shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

   a. Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the parties who are assisting with respect to this Action;

   c. Any person with prior authorized access to the Protected Material;

   d. Current employees of the Producing Party;

   e. Witnesses, potential witnesses, and deponents, including their counsel;

   f. Court reporters and other persons not employed by this court, retained to record or to transcribe testimony or argument at interviews or depositions in connection with this Action;

   g. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

   h. Retained expert witnesses and consultants;

   i. Mediators or arbitrators; and

   j. This court (including any judicial officer to whom this court may refer this matter for settlement purposes) and court personnel, including court staff, chambers staff, persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4. Except for the counsel of record and attorneys for the United States assigned to handling or supervising this matter, who need not sign a certification, disclosure to the persons referenced in subsections (E)(3)(a)(i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a certification in the form attached hereto as "Exhibit A."

5. Persons receiving Protected Material pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6. Unless the Designating Party gives written permission, all Protected Material that is filed with the court must be (1) filed under seal or in camera in accordance with the court's rules and procedures and (2) redacted from any filing that is publicly available.

7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under RCFC 45 or Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Protected Material as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Protected Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that (a) the Designating Party does not object to the production of the Protected Material or (b) the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

8. If the need arises for any party to disclose Protected Material in a proceeding in open court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the court.

9. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Protected Material to a congressional entity; provided, however, that the United States shall notify the congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and

shall, if there are no objections interposed by the congressional entity requesting the documents, use reasonable efforts to notify the Designating Party or non- party of the congressional entity's request and the United States' response thereto.

10. Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this Action, including those designated as Protected Material under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this Action, including Protected Material, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Disclosure of information or materials provided in this Action, including those designated as Protected Material under this Order, is permitted within the meaning of this paragraph, provided that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Material in a manner consistent with the terms of this Order.

F.  Inadvertent Production of Protected Material

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The parties agree to follow RCFC 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Protected Material.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Protected Material in accordance with this Protective Order, has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:
(a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Material subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Protected Material and to prevent further unauthorized disclosures of the Protected Material, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this

   Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Material that was the subject of the unauthorized disclosure.

G. Disposition of Documents Containing Protected Material

1. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either (a) to destroy or to delete all items designated as Protected Material or (b) to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back- up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Protected Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

   a. For material that contains or reflects Protected Material, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order.

   b. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the court; and any other parts of the trial record, even if such material contains Protected Material, so long as such material is and remains clearly marked to reflect

that it contains Protected Material. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Protected Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

c. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Protected Material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq*.

H.  <u>Non-Waiver of Attorney-Client Privilege and Work Product Protection</u>

Pursuant to the agreement of the parties and the authority granted this court under Fed. R. Evid. 502(d), it is hereby ordered that a party's disclosure, in connection with this litigation, of any communication or information covered by the attorney-client privilege or entitled to work-product protection shall not constitute a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding.

I.  <u>Return of Privileged or Protected Materials</u>

Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B).

For purposes of paragraph I, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

**IT IS SO ORDERED**.

                                                s/Nancy B. Firestone
                                              NANCY B. FIRESTONE
                                              Senior Judge

**EXHIBIT A**

# In the United States Court of Federal Claims

No. 20-1237C
(Filed: July 15, 2021)

| | )|
|---|---|
| TEJA RAVI, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

DECLARATION OF [INSERT NAME]
___

I hereby declare that I have read and that I understand the Protective Order entered in the above-captioned case. I further declare that I will comply with all of the terms and conditions of the Protective Order, and that I will not disclose any Protected Material, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order. I will maintain any Protected Material in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. I understand that any unauthorized disclosure may subject me to a ruling of contempt or other sanction imposed by the court. I hereby consent to be subject to the personal jurisdiction of the United States Court of Federal Claims with respect to any proceedings relative to the enforcement of the Protective Order, including any proceeding related to contempt of the Protective Order.

Executed this ____ day of _____ by _____
                                                            (Print Name)

Signed _____