IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEJA RAVI, *et al*.,

                    Plaintiffs,

          v.

THE UNITED STATES,

                    Defendant.

No. 20-1237
(Judge Armando O. Bonilla)

DEFENDANT'S MOTION TO DISMISS PLAINTIFF TEJA RAVI
FOR FAILURE TO PROSECUTE

Pursuant to Rule 41(b) of the Rules of the Court of Federal Claims, defendant moves to dismiss plaintiff Teja Ravi from this action for failure to prosecute. At the outset we note that although this case was filed purporting to name "Teja Ravi" as the plaintiff, no such person ever participated in the University of Farmington operation and the legal name of the individual misnamed as "Teja Ravi" in the case caption is "Ravi Teja Tiyyagura." *See* ECF 33 at Appx231.

On February 17, 2026, defendant discovered that plaintiffs' counsel had lost contact with Mr. Tiyyagura (or, as they continue to refer to him, Mr. Ravi). *See* ECF 99. Although plaintiffs' counsel did not disclose when exactly they lost contact, his non-responsiveness was sufficiently lengthy that plaintiffs' counsel had launched an investigation into his whereabouts and expressed concern that he might be deceased. During the status conference on February 18, 2026, the Court warned plaintiffs' counsel that Mr. Tiyyagura could be subject to dismissal for failure to prosecute given his failure to participate in discovery in this action. Plaintiffs' counsel later informed the Court that "[i]n an attempt to locate him, we have contacted the Consulate of India in Mumbai, seeking assistance in obtaining his current address," and confirmed that "[i]f we are unable to reach Mr. Ravi by the close of discovery, we anticipate filing a motion to remove him

as a named plaintiff." February 25, 2026 E-mail from Ms. Norris to Chambers.

At 6:51 pm on March 16, 2026—the day discovery closed—plaintiffs' counsel sent defendant certifications of interrogatory responses that were purportedly signed by Mr. Tiyyagura. Ex. A at 7. These certifications contained electronic signatures—with the name typed in—that contained no eSignature fingerprint. *Id*. at 15 & 17. The following day, March 17, 2026, defendant contacted plaintiffs' counsel to request "interrogatory verifications from Mr. Tiyyagura with signatures the authenticity of which can be verified" and to address Mr. Tiyyagura's failure to produce documents in this case. *See id*. at 7.

On March 18, 2026, as verification of Mr. Tiyyagura's signature on the interrogatory certifications, plaintiffs' counsel offered to provide a copy of the email correspondence from him (with the attorney communications redacted). *Id*. at 6 & 18. The email plaintiffs' counsel produced also redacted a portion of the email address that sent the interrogatory certifications purportedly signed by Mr. Tiyyagura, even though that was supposed to be the basis for verification, but the partial email address was sufficient to show that it was different from the email address Mr. Tiyyagura had used during the University of Farmington operation. *Id*. at 18. Defendant immediately followed up on that discrepancy, at which point plaintiffs' counsel represented that "Ravi long ago lost access to his old email account [that he used during his involvement in the University of Farmington operation] so no such documents are in his possession." *Id*. at 4–5.

Defendant again, immediately, followed up further on this representation, requesting that (a) "if you are taking the position that he has completed his document production, please provide a certification from him like you did for the other plaintiffs," and (b) to "clarify your statement that Mr. Tiyyagura 'long ago lost access to his old email account' as to when he lost access,

2

including specifically, as relative to when he began considering the possibility of this lawsuit." *Id*. at 4.  Two days later, on March 20, 2026, having received no response, defendant followed up and requested that plaintiffs' counsel provide the information by Monday, March 23, 2026.  *Id*. at 3.

On Monday, March 23, 2026, plaintiffs' counsel stated that she would "work on collecting a certification," but provided no timeline on when that certification would be provided and gave no response as to when Mr. Tiyyagura lost access to his prior email address.  Since then plaintiffs' counsel has not provided any certification from Mr. Tiyyagura and indeed, ignored all of defendant's further attempts to follow up on these issues until this week.  *See id*. at 2 (March 27, 2026); Ex. B (April 1, 2026).

On Wednesday, April 8, 2026, defendant informed plaintiffs' counsel that given the non-responsiveness, we would be filing this motion.  Plaintiffs' counsel responded that they are "indeed experiencing a lag in communication with Ravi again."  Ex. A at 1–2.  And although plaintiffs' counsel stated that she would "continue to work to collect" a certification from Mr. Tiyyagura, plaintiffs' counsel provided no estimate as to when (if ever) they expect to re-establish contact with him.  *Id*.  Defendant informed plaintiffs' counsel that we would hold our motion till close of business Friday; as of the filing of this motion we have received no further response.  *Id*. at 1.

Mr. Tiyyagura has failed to meaningfully participate in discovery in this action; he has failed to preserve documents; and he has apparently once again stopped responding to his counsel.  The Court should dismiss him as a named plaintiff in this action for failure to prosecute.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ERIC P. BRUSKIN
Assistant Director

s/  Galina I. Fomenkova
GALINA I. FOMENKOVA
Senior Trial Counsel
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 514-5495
galina.fomenkova@usdoj.gov

April 10, 2026                              *Attorneys for the United States*