## Fomenkova, Galina (CIV)

| | |
|---|---|
| **From:** | Fomenkova, Galina (CIV) |
| **Sent:** | Wednesday, April 8, 2026 12:49 PM |
| **To:** | 'Anna Nathanson'; Amy E Norris |
| **Cc:** | Whit Froehlich |
| **Subject:** | RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi |

Hi Anna,

I hope you continue to feel better.

We will hold our motion till Friday. During the February status conference Amy agreed to provide these certifications from all the plaintiffs and the Court warned that failure to participate in discovery by individual plaintiffs could lead to their dismissal for failure to prosecute. It is concerning that you have lost communication with Mr. Tiyyagura again, and, seemingly, have no estimate of when (if ever) that contact will be restored. If we do not have Mr. Tiyyagura's verifiable certification and an answer to our question as to when he purportedly lost access to his old email account by close of business on Friday we will move to dismiss him.

Thanks,
Galina


Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

**From:** Anna Nathanson <anna@norrislawgroup.org>
**Sent:** Wednesday, April 8, 2026 12:34 PM
**To:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>; Amy E Norris <norris.ae@gmail.com>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>
**Subject:** Re: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Galina,

I apologize for the slow response; I had an extended illness last week and am still catching up on correspondence.

The discovery period is closed. During the discovery period, Ravi completed all of his discovery obligations by participating fully in supplying responses and producing all documents that exist. There is no discovery requirement to provide a separate signed certification regarding discovery productions, although I will continue to work to collect one from him and provide it once I receive it. We are indeed

experiencing a lag in communication with Ravi again, but right now there is nothing in the case that requires his active participation.

Best,
Anna

Anna Nathanson
Associate Attorney
**Norris Law Group**
Washington, DC
Telephone: (202) 830-1225
anna@norrislawgroup.org

---

**From:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Sent:** Wednesday, April 8, 2026 12:04 PM
**To:** Anna Nathanson <anna@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Dear Anna and Amy,

In light of your non-responsiveness on the below, over the course of several weeks and despite multiple attempts to follow up, we will be raising this issue with the Court and moving to dismiss Mr. Tiyyagura as a named plaintiff in this action for failure to prosecute.

Thanks,
Galina

Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential.  If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments.  Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

---

**From:** Fomenkova, Galina (CIV)
**Sent:** Friday, March 27, 2026 6:44 PM
**To:** Anna Nathanson <anna@norrislawgroup.org>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Anna,

What is the status of Mr. Tiyyagura's certification? Please identify a date certain for when that will be provided. Please also address the question about when he purportedly lost access to his prior email account.

Thanks,
Galina

Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential.  If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments.  Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

**From:** Anna Nathanson <anna@norrislawgroup.org>
**Sent:** Monday, March 23, 2026 2:13 PM
**To:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** Re: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Galina,

I will work on collecting a certification.

It is a sworn statement, but reading it over again, indeed that phrasing wasn't used.

Best,
Anna

Anna Nathanson
Associate Attorney
**Norris Law Group**
Washington, DC
Telephone: (202) 830-1225
anna@norrislawgroup.org

**From:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Sent:** Friday, March 20, 2026 6:57 PM
**To:** Anna Nathanson <anna@norrislawgroup.org>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Anna,

I wanted to follow up on the below. Please provide the requested information and certification on Monday.

Thanks,
Galina

Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential.  If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments.  Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

---

**From:** Fomenkova, Galina (CIV)
**Sent:** Wednesday, March 18, 2026 5:25 PM
**To:** Anna Nathanson <anna@norrislawgroup.org>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Anna,

With respect to Mr. Tiyyagura's documents, if you are taking the position that he has completed his document production, please provide a certification from him like you did for the other plaintiffs. Please also clarify your statement that Mr. Tiyyagura "long ago lost access to his old email account" as to when he lost access, including specifically, as relative to when he began considering the possibility of this lawsuit. Finally, please clarify your statement that you "produced a Declaration where Ravi details his communications with Mr. Errabelli and University of Farmington staff *under penalty of perjury*" (emphasis added).  The only declaration I can find in your production purportedly from "Ravi Teja" does not, on its face, identify it as having been made under penalty of perjury.  *See* UF000103-105.

Thanks,
Galina


Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential.  If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments.  Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

---

**From:** Anna Nathanson <anna@norrislawgroup.org>
**Sent:** Wednesday, March 18, 2026 4:51 PM
**To:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** Re: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Galina,

Ravi is to be contacted via counsel, so we're not comfortable sharing his email address. That redacted email address is the one he has used since he connected with us. The redacted characters are a random number. If you look at the Declaration he signed in September 2020, you will see he signed these certifications in his customary matter.

Furthermore, Ravi's discovery productions are complete. Ravi long ago lost access to his old email account ███████████████████████ so no such documents are in his possession. However, we

4

produced a Declaration where Ravi details his communications with Mr. Errabelli and University of Farmington staff under penalty of perjury. Communications between University of Farmington staff and Ravi including his letter of admission and tuition invoice are in the record. His communications with University of Farmington staff should be in the record if Defendant has met its discovery obligations. Ravi has met his discovery obligations.

Best,
Anna

Anna Nathanson
Associate Attorney
**Norris Law Group**
Washington, DC
Telephone: (202) 830-1225
anna@norrislawgroup.org

**From:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Sent:** Wednesday, March 18, 2026 3:15 PM
**To:** Anna Nathanson <anna@norrislawgroup.org>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Anna,

Please unredact the email address from which the email came – as that is the basis on which you are attempting to authenticate the source of the signature. Also, even based on the partial information provided here, it appears to be a different email address than the one Mr. Tiyyagura used during the University of Farmington operation. Please explain and address that discrepancy.

Thank you,
Galina

Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

**From:** Anna Nathanson <anna@norrislawgroup.org>
**Sent:** Wednesday, March 18, 2026 2:49 PM
**To:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** Re: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Galina,

See attached.

Best,
Anna

Anna Nathanson
Associate Attorney
**Norris Law Group**
Washington, DC
Telephone: (202) 830-1225
anna@norrislawgroup.org

---

**From:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Sent:** Wednesday, March 18, 2026 2:44 PM
**To:** Anna Nathanson <anna@norrislawgroup.org>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Anna,

I think we can start with that and see if it seems sufficient once we have it.

Thanks,
Galina

Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential.  If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments.  Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

---

**From:** Anna Nathanson <anna@norrislawgroup.org>
**Sent:** Wednesday, March 18, 2026 11:42 AM
**To:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Cc:** Whit Froehlich <Whit@norrislawgroup.org>; Amy E Norris <norris.ae@gmail.com>
**Subject:** Re: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Galina,

To verify the signatures, would you accept the email we received from Ravi with the attorney-client communications redacted, but the time stamp left in?

Best,
Anna

Anna Nathanson
Associate Attorney

**Norris Law Group**
Washington, DC
Telephone: (202) 830-1225
anna@norrislawgroup.org

---

**From:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Sent:** Tuesday, March 17, 2026 3:51 PM
**To:** Amy E Norris <norris.ae@gmail.com>
**Cc:** Anna Nathanson <anna@norrislawgroup.org>; Whit Froehlich <Whit@norrislawgroup.org>
**Subject:** RE: [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Dear Amy,

Under the current circumstances, we cannot independently corroborate that you have re-established contact with Mr. Tiyyagura or verify the authenticity of the signature purportedly made on his behalf on these certifications. It is not a wet signature, and unlike the electronic signatures provided by the other plaintiffs, this purported signature does not contain any eSignature details that uniquely identify the person signing. Please provide interrogatory verifications from Mr. Tiyyagura with signatures the authenticity of which can be verified.

In addition, Mr. Tiyyagura has not produced his documents in this case – plaintiffs' production does not contain a single communication from Mr. Tiyyagura, and in particular, he has not produced his communications with Mr. Thakkallapally (who Mr. Tiyyagura may have known as Vinith Errabelli). To the extent that Mr. Tiyyagura intends to remain a plaintiff in this case, he must produce those documents and do so in short order so as to not prejudicially delay the continuing development of the rest of the case.

Please provide the revised, verifiable, certifications of all of Mr. Tiyyagura's interrogatory responses and a date certain by which Mr. Tiyyagura will be completing his document production by Thursday, March 19, so that we can promptly raise any issues with the Court as necessary.

Thank you,
Galina


Galina I. Fomenkova
U.S. Department of Justice
(202) 514-5495

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

---

**From:** Amy E Norris <norris.ae@gmail.com>
**Sent:** Monday, March 16, 2026 6:51 PM
**To:** Fomenkova, Galina (CIV) <Galina.Fomenkova@usdoj.gov>
**Cc:** Anna L Nathanson <anna@norrislawgroup.org>; Whit Froehlich <whit@norrislawgroup.org>
**Subject:** [EXTERNAL] Ravi; Discovery Certifications from Mr. Ravi

Hi Galina,

Please see attached certifications sent by Mr. Ravi this morning.

Best,
Amy

Amy Norris
Attorney at Law
**Norris Law Group**
Washington, DC
Telephone: 202-830-1225

This message contains privileged and confidential information intended solely for the use of the individual(s) or entity(s) named above. Any disclosure, distribution, copying or use of the information to, or by, others is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEJA RAVI, *et al.*,

                    Plaintiffs,

          v.                                            No. 20-1237
                                                 (Judge Armando O. Bonilla)
THE UNITED STATES,

                    Defendant.

PLAINTIFFS' RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES
TO PLAINTIFFS

**GENERAL OBJECTIONS:**

1. Objection is made to any instruction or definition contained in the Interrogatories (hereinafter the "discovery requests") that seeks to impose upon Plaintiff a greater obligation to provide information or supplement his responses and documents than is provided for by the Rules of Civil Procedure of the Court of Federal Claims.

2. All responses are provided without waiver, and with specific reservation, of (a) objections as to competence, relevance, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purpose in any proceeding in this action or in any other action; (b) the right to object on any ground at any time to a demand for further response; and (c) the right at any time to revise, correct, add to, supplement or clarify any of the responses.

3. Plaintiff objects to the discovery requests to the extent that they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under the governing law.

4. Plaintiff objects to the discovery requests to the extent that they are overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

5. These General Objections are made, to the extent applicable, in response to each of the discovery requests as if the objections were fully set forth therein.

6. Plaintiff responds to each of the discovery requests based upon information and documentation available as of the date hereof and reserve the right to supplement and amend their responses.

INTERROGATORIES

12. For each named plaintiff, identify each communication, or attempted communication, you had with the University of Farmington, including the date, method (e.g.,phone, email, in person), who the communication was with, and whether that communication is substantiated by corroborating evidence (e.g., writing or recording).

Objection, Defendant is in a better position to identify all communications that it had with the students, as it was a University that maintained records. This question is also duplicative in nature. Subject those objections, see the communications folder from previous production. Further, plaintiffs do not recall every communication that they had with the University and which University official it was with. The students repeatedly called the University and were told that classes would be starting soon. They were also told when they called that the University officials were busy and could not take their call.

Ms. Parthasarathy made many calls to the University. She does not remember exactly how many times she called or the time frame. Sometimes when she called, she heard the automatic voicemail answering machine message that they were busy with the University. The University did call her back once to say that they would provide classes, but they never provided the classes. The government produced calls made by Ms. Parthasarathy but it appears that these

2

were not all the calls, as it did not include the call where she was told that classes would begin soon. Ms. Parthasarathy believes that most, if not all, of these calls were with Ali.

Mr. Ghourvani also tried to call multiple times to obtain the educational services that he paid for, after the educational services did not materialize. He does not recall the exact dates. He was told that classes would begin online soon. The other plaintiffs had the same experience of calling the University asking about classes, and they were told there would be classes soon. Thus the government's production is deficient, as it does not contain the calls regarding classes.

Mr. Mohan was told over the phone that the classes were full for now and that online classes would be scheduled/provided.

Mr. Mohan called approximately 20 plus times during 2017-2019. The Government has only produced three of these calls, and thus the production is deficient.

Mr. Ravi also called the school and was told that the classes were full for now and that online classes would be scheduled/provided. These calls have not been produced by the Government. He does not recall the exact number of times but it was sometime during the time frame of 2017-2019.

Ms. Bachu called many times to ask about classes.  Ms. Bachu does not remember the exact number of times or the exact dates. Ms. Bachu reached out to the University of Farmington to apply. In response, the Director of Admissions, Ali Milani, e-mailed Ms. Bachu and explained the information that she needed to apply. After Ms. Bachu applied, she received an offer of admission signed by Ali Milani on January 23, 2018 for her degree of choice, a Master's in Information Technology. Ms. Bachu accepted and enrolled in the Master's of Information Technology program at the University. The University subsequently issued invoices totaling $10,000 which Ms. Bachu paid with the expectation of there being classes and a full educational

3

opportunity. After enrolling in the University, she was directed by the University through e-mail to a student portal to select her classes. However, after enrolling in the classes, she never received any information on how to attend them. Ms. Bachu made repeated attempts to contact the University, by phone, to ask about classes, but she was unable to get a hold of anyone. Although she was confused, she thought it might be normal to not attend classes immediately since she was pursuing her second master's degree. She therefore continued to make requested tuition payments to not violate her agreement with the University. Ms. Bachu never received the classes, and by the end of 2018, she started researching other universities in order to transfer.

The written communications with the University have been produced in the folder, "written communications", and are Bates-numberd  at UF 000017-0000164.  We are submitting additional communications today, which will be Bates-numbered in an upcoming production.

12. For each communication identified in response to Interrogatory No. 11 that is substantiated by corroborating evidence, identify the Bates number of where such evidence is in your production. See Request for Production No. 3.

See response to Interrogatory 11.

4

/s/ *Amy E. Norris, Esq.,* (#1017140)
Amy E. Norris
NORRIS LAW, PLLC
616 E Street NW
Suite 1156
Washington, DC 20004
(202) 530-0100
Amy@norrislawgroup.org

*Attorney for Plaintiffs*

October 15, 2025

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2025, I caused a true and correct copy of

the foregoing to be served by electronic mail on the following counsel of record:

Galina I. Fomekova
Senior Trial Counsel
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O.  Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 514-5495
galina.fomenkova@usdoj.gov

/s/  Amy E. Norris
AMY E. NORRIS

CERTIFICATION OF INTERROGATORY ANSWERS

I certify under oath that the factual statements made in Plaintiff's Responses and Objections to Plaintiffs' Second Set of Interrogatories, served on October 15, 2025 are true to the best of my knowledge, information, and belief.


*Ravi Teja*                                                    03/15/2026
SIGNATURE                                              DATE


                Ravi Teja
NAME

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 4**

**Defendant's Interrogatory No. 4.**

That interrogatory asked plaintiffs to identify specific dates – the date on which you contend a contract with the United States was formed and the date(s) on which you contend that contract was breached.

> The contracts were formed on the date that the first tuition payment was made. Per University of Farmington records, you have indicated that the first tuition payments
> were made on:
> -Teja Ravi – February 26, 2018
> -Swetha Bachu – February 28, 2018
> -Sneha Parthasarathy – August 8, 2017
> -Rajesh Ghourvani – February 15, 2018
> -Akhil Mohan – February 12, 2018
> The contracts were breached when the educational services were not provided. After further discovery, the exact dates of breach are less clear, as the plaintiffs were repeatedly told that there would be classes provided at a later date and that their professional experiences could count toward their degree program.
>
> The range is clear. The breaches occurred sometime between January 2015* - December 2019.
>
> When the visas were initially issued, the students had the understanding that they were conducting pre-course OPT (Optional Practical Training), and the University's expectation was that they would be conducting work and professional experience related to their STEM education. The students were told that their past professional and educational experiences would count to their degree. The students were repeatedly told that classes would begin soon.
>
> * The initial date is based on an authorization document from September 2015, but further productions from the government may show it earlier than that.

CERTIFICATION OF INTERROGATORY ANSWERS

I certify under oath that the factual statements made in Supplemental Response to Interrogatory 4 are true to the best of my knowledge, information, and belief.


*Ravi Teja*
SIGNATURE

03/15/2026
DATE


Ravi Teja
NAME

 Outlook

---

**Re: URGENT – Time Sensitive re: Signature Needed**

---

**From** teja ravi <rteja████@gmail.com>

**Date** Mon 3/16/2026 2:00 AM

**To** Amy E Norris <norris.ae@gmail.com>; Anna Nathanson <anna@norrislawgroup.org>

📎 2 attachments (302 KB)

RaviCertification_of_Supplemental_Response_to_Interrogatory_4 (1) (1).pdf;
RaviUniversity_of_Farmington_Second_Set_of_Interrogatories_and_Certification (1) (1) (1).pdf;



On Fri, Mar 13, 2026 at 8:39 AM Amy E Norris <norris.ae@gmail.com> wrote:



