IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEJA RAVI, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 20-1237
Hon. Armando O. Bonilla

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF TEJA RAVI FOR FAILURE TO PROSECUTE

Plaintiffs respectfully submit this opposition to Defendant's Motion to Dismiss Plaintiff Teja Ravi for Failure to Prosecute.

Plaintiff Ravi has prosecuted his case since he filed it in September 21, 2020, including through an appeal and remand, and mostly recently by sending his counsel a signed certification of discovery responses days ago on April 14, 2026. A dismissal for failure to prosecute "is a harsh penalty and is to be imposed only in extreme circumstances." *Bd. of Trs. of Leland Stanford Junior Univ. v. Motorola, Inc.*, 314 F. App'x 284, 287 (Fed. Cir. 2008)(internal citation omitted)(discussing Federal Rule of Civil Procedure 41(b), which is identical to RCFC 40(b)). "A plaintiff's failure to comply with… obligations arising under the court's rules or its failure to respond to the court's orders may result in the dismissal of its case for failure to prosecute under RCFC 41(b)." *Coakley & Williams Constr., Inc. v. United States*, No. 11-191C, 2012 WL 2866291, at *2 (Fed. Cl. July 13, 2012)(Internal citation to *Julien v. Zeringue,* 864 F.2d 1572, 1574–75 (Fed. Cir. 1989). Here, Plaintiff Ravi has neither violated obligations arising under the

1

Court's rules or failed to respond to the Court's orders. As explained below, Plaintiff Ravi has met his discovery obligations.

Defendant's counsel argues that Plaintiff Ravi should be dismissed as a Plaintiff for failure to prosecute under RCFC 40(b), claiming his discovery participation was inadequate, especially around his document productions.

However, Plaintiff Ravi did submit certifications for his discovery responses, and the government never challenged the communications issue or filed a motion to compel on that front. On July 17, 2025 he signed his certification of Plaintiffs' Responses to Defendant's First Set of Interrogatories. Defendant's counsel has not contested the receipt or validity of that certification. On March 15, 2026 he signed his certifications of Plaintiffs' Responses to Defendant's Second Set of Interrogatories and of Plaintiffs' Supplemental Response to Interrogatory No. 4. Exhibit A, Plaintiffs' Responses to Defendant's Second Set of Interrogatories with Executed Ravi Teja Certification. Exhibit B, Plaintiffs' Supplemental Response to Interrogatory No. 4 with Executed Ravi Teja Certification. These were both emailed to Defendant's counsel on March 16, 2026.[1] So, as it stands, he has complied with the discovery obligations that were actually at issue during the discovery period.

---

[1]    Ravi Teja is how Mr. Ravi self-styles his name when he writes it in English. The e-signatures he made on his verifications of his discovery responses and his certification of complete document productions is his customary method of e-signature since the beginning of this representation, including his September 2020 Declaration. Defendant has never previously objected to this method of e-signature, although they have been aware of it for several years.

To further verify these e-signatures, Plaintiffs' counsel submitted to Defendant's counsel the March 16, 2026 email from Mr. Ravi showing that he emailed to his counsel the attachments of the signed verifications. Exhibit C, Email from Ravi Teja. Plaintiffs' counsel redacted from the email attorney-client communications and part of his email address, leaving "rteja" and redacting a number so his contact information is protected. Plaintiffs' counsel is concerned about the possibility of ICE harassing their client. Upon request, Plaintiffs' counsel can submit the email with the full email address unredacted for in camera review. Defendant's counsel has presented no alternate explanation of the production of these e-signatures.

After the close of discovery, Defendant's counsel raised an issue with Plaintiff Ravi not providing a certification of his complete discovery production. Plaintiff Ravi signed this additional certification on April 14, 2026, and it was delivered to Defendant's counsel that same day. Exhibit D, Executed Ravi Teja Certification of Discovery Responses. In light of the production of this certification, Plaintiffs' counsel requested that Defendant's counsel withdraw the present motion, but Defendant's counsel declined.

Furthermore, there was never a requirement for Plaintiff Ravi to certify his document productions. The Rules of the United States Court of Federal Claims require that Plaintiff's certify their Interrogatory responses, but not their responses to Request for Admissions or to Requests for the Production of Documents. During the status conference on February 18, 2026, the Court stated Plaintiffs' counsel could provide client certifications confirming that they have supplied all communications regarding the University of Farmington, and that this would be sufficient to address any concerns if the government were to challenge that issue. However, the Court never stated this was required or issued any order to that effect. Plaintiffs' counsel does not recall the Court stating that Plaintiff Ravi would need to be dismissed if he did not provide that specific certification. What Plaintiffs' counsel did represent was that if Plaintiff Ravi had not responded by the end of the discovery period with certifications of his Interrogatory responses, we would consider filing a motion to withdraw as his counsel or dismiss him. But Mr. Ravi did, in fact, respond and provide those verifications.

Plaintiff Ravi's discovery productions are complete. Prior to the closing of the discovery period, Plaintiff Ravi told his counsel that he had produced all documents in his possession. Back during a video conference with counsel in July 2024, Plaintiff Ravi shared that he long ago lost access to his old email account (raviteja.reddy14@gmail.com). He has communicated to

Plaintiffs' counsel from the new email address since he connected to us. Thus, his communications with Mr. Errabelli and University of Farmington staff are not in his possession. However, we produced a Declaration where Ravi details his communications with Mr. Errabelli and University of Farmington staff. Communications between University of Farmington staff and Ravi including his letter of admission and tuition invoices were produced. All of his communications with University of Farmington staff should be in the record if Defendant has met its discovery obligations. He also provided complete responses to all of Defendant's Interrogatories and Requests for Admission. Plaintiff Ravi has met his discovery obligations. Plaintiffs' counsel has reached out to Mr. Ravi for further explanation of his loss of access to his prior email account, but this issue was not raised during the discovery period and the discovery period is closed.

If Defendant's counsel had ongoing issues with Plaintiff Ravi's discovery participation, Defendant's counsel should have fully investigated these issues during the discovery period and raised them in a motion to compel discovery prior to the close of the discovery period. At this point, discovery is closed. These are not proper grounds for dismissal of a Plaintiff under RCFC 40(b).

The U.S. Court of Appeals for the Federal Circuit has held that, "'A dismissal for failure to prosecute "must be supported by a showing of unreasonable delay.' In considering whether dismissal is appropriate, a district court must weigh the following five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions.'" *Bd. of Trs. of Leland Stanford Junior*

*Univ. v. Motorola, Inc.* at 287 (Fed. Cir. 2008)(internal citations omitted)(discussing Federal Rule of Civil Procedure 41(b), which is identical to RCFC 40(b)).

This Court need not even reach a five factor analysis, because there has been no show of delay here. None of the alleged deficiencies slow the progression of this case now to next steps. While the Court extended the discovery period to collect certifications from Plaintiff Ravi and for other ongoing discovery between the parties, this was a proper extension of time, so there was no unreasonable delay. *Id*. at 288 ("the delay cannot be deemed 'unreasonable' if it resulted from proper extensions of time and a stay granted by the district court.").

The five factor analysis also demonstrates dismissal of Plaintiff Ravi is not appropriate. Factors one and two are in favor of Plaintiffs because there is no delay to the resolution of the litigation and thus also no added burden for managing the docket. Factor three is in favor of Plaintiffs because there is no risk of prejudice to the Defendants, first because Plaintiff Ravi has met his discovery obligations, and second because Defendants did not raise the discovery issues they allege in a motion to compel during the discovery period, so any prejudice to Defendants is caused by Defendant's own inaction during the discovery period. Defendant did not request an extension of the discovery period although Defendant apparently was not satisfied with Plaintiff Ravi's discovery productions at the time of the close of discovery. Factor 4 is in favor of Plaintiffs because if Plaintiff Ravi is dismissed his case will not be decided on the merits. Factor 5 is in favor of Plaintiffs because, while Plaintiffs do not believe any sanctions are appropriate, less drastic sanctions like court orders to take certain actions are available.

This Court commonly does not dismiss cases for failure to prosecute unless the Court has given ample notice that there has been a failure to respond to the Court's order and/ or issued an order to show cause why the case should not be dismissed. *See inter alia Coakley & Williams*

*Constr., Inc. v. United States* at *2 (Fed. Cl. July 13, 2012); *See also Mir v. Fosburg,* 706 F.2d 916, 919 (9th Cir. 1983)( "Finally, the district court did not in any way warn plaintiff that his inaction risked dismissal of his suit."). Here, there has been neither of these.

For the above reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiff Teja Ravi for Failure to Prosecute.

Dated: April 23, 2026

Respectfully submitted,

/s/ *Amy E. Norris, Esq.,* (#1017140)
Amy E. Norris
NORRIS LAW, PLLC
616 E Street NW
Suite 1156
Washington, DC 20004
(202) 530-0100
Amy@norrislawgroup.org

Anna Nathanson
NORRIS LAW, PLLC
616 E Street NW
Suite 1156
Washington, DC 20004
(202) 530-0100
Anna@norrislawgroup.org

*Attorneys for Plaintiffs*