# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEJA RAVI, *et al.*,

                    Plaintiffs,

          v.

THE UNITED STATES,

                    Defendant.

No. 20-1237
(Judge Armando O. Bonilla)

PLAINTIFFS' RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS

**GENERAL OBJECTIONS:**

1. Objection is made to any instruction or definition contained in the Interrogatories (hereinafter the "discovery requests") that seeks to impose upon Plaintiff a greater obligation to provide information or supplement his responses and documents than is provided for by the Rules of Civil Procedure of the Court of Federal Claims.

2. All responses are provided without waiver, and with specific reservation, of (a) objections as to competence, relevance, materiality, privilege and admissibility of the responses and the subject matter thereof as evidence for any purpose in any proceeding in this action or in any other action; (b) the right to object on any ground at any time to a demand for further response; and (c) the right at any time to revise, correct, add to, supplement or clarify any of the responses.

3. Plaintiff objects to the discovery requests to the extent that they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under the governing law.

4. Plaintiff objects to the discovery requests to the extent that they are overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

5. These General Objections are made, to the extent applicable, in response to each of the discovery requests as if the objections were fully set forth therein.

6. Plaintiff responds to each of the discovery requests based upon information and documentation available as of the date hereof and reserve the right to supplement and amend their responses.

<u>INTERROGATORIES</u>

12. For each named plaintiff, identify each communication, or attempted communication, you had with the University of Farmington, including the date, method (e.g.,phone, email, in person), who the communication was with, and whether that communication is substantiated by corroborating evidence (e.g., writing or recording).

Objection, Defendant is in a better position to identify all communications that it had with the students, as it was a University that maintained records. This question is also duplicative in nature. Subject those objections, see the communications folder from previous production. Further, plaintiffs do not recall every communication that they had with the University and which University official it was with. The students repeatedly called the University and were told that classes would be starting soon. They were also told when they called that the University officials were busy and could not take their call.

Ms. Parthasarathy made many calls to the University. She does not remember exactly how many times she called or the time frame. Sometimes when she called, she heard the automatic voicemail answering machine message that they were busy with the University. The University did call her back once to say that they would provide classes, but they never provided the classes. The government produced calls made by Ms. Parthasarathy but it appears that these

were not all the calls, as it did not include the call where she was told that classes would begin soon. Ms. Parthasarathy believes that most, if not all, of these calls were with Ali.

Mr. Ghourvani also tried to call multiple times to obtain the educational services that he paid for, after the educational services did not materialize. He does not recall the exact dates. He was told that classes would begin online soon. The other plaintiffs had the same experience of calling the University asking about classes, and they were told there would be classes soon. Thus the government's production is deficient, as it does not contain the calls regarding classes.

Mr. Mohan was told over the phone that the classes were full for now and that online classes would be scheduled/provided.

Mr. Mohan called approximately 20 plus times during 2017-2019. The Government has only produced three of these calls, and thus the production is deficient.

Mr. Ravi also called the school and was told that the classes were full for now and that online classes would be scheduled/provided. These calls have not been produced by the Government. He does not recall the exact number of times but it was sometime during the time frame of 2017-2019.

Ms. Bachu called many times to ask about classes. Ms. Bachu does not remember the exact number of times or the exact dates. Ms. Bachu reached out to the University of Farmington to apply. In response, the Director of Admissions, Ali Milani, e-mailed Ms. Bachu and explained the information that she needed to apply. After Ms. Bachu applied, she received an offer of admission signed by Ali Milani on January 23, 2018 for her degree of choice, a Master's in Information Technology. Ms. Bachu accepted and enrolled in the Master's of Information Technology program at the University. The University subsequently issued invoices totaling $10,000 which Ms. Bachu paid with the expectation of there being classes and a full educational

3

opportunity. After enrolling in the University, she was directed by the University through e-mail to a student portal to select her classes. However, after enrolling in the classes, she never received any information on how to attend them. Ms. Bachu made repeated attempts to contact the University, by phone, to ask about classes, but she was unable to get a hold of anyone. Although she was confused, she thought it might be normal to not attend classes immediately since she was pursuing her second master's degree. She therefore continued to make requested tuition payments to not violate her agreement with the University. Ms. Bachu never received the classes, and by the end of 2018, she started researching other universities in order to transfer.

The written communications with the University have been produced in the folder, "written communications", and are Bates-numberd at UF 000017-0000164. We are submitting additional communications today, which will be Bates-numbered in an upcoming production.

12. For each communication identified in response to Interrogatory No. 11 that is substantiated by corroborating evidence, identify the Bates number of where such evidence is in your production. See Request for Production No. 3.

See response to Interrogatory 11.

4

/s/ *Amy E. Norris, Esq.,* (#1017140)
Amy E. Norris
NORRIS LAW, PLLC
616 E Street NW
Suite 1156
Washington, DC 20004
(202) 530-0100
Amy@norrislawgroup.org

*Attorney for Plaintiffs*

October 15, 2025

5

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2025, I caused a true and correct copy of

the foregoing to be served by electronic mail on the following counsel of record:

Galina I. Fomekova
Senior Trial Counsel
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 514-5495
galina.fomenkova@usdoj.gov


/s/  Amy E. Norris
    AMY E. NORRIS

CERTIFICATION OF INTERROGATORY ANSWERS

I certify under oath that the factual statements made in Plaintiff's Responses and Objections to Plaintiffs' Second Set of Interrogatories, served on October 15, 2025 are true to the best of my knowledge, information, and belief.


*Ravi Teja*
_____
SIGNATURE

03/15/2026
_____
DATE


Ravi Teja
_____
NAME

# EXHIBIT B

**SUPPLEMENTAL RESPONSE TO INTERROGATORY 4**

**Defendant's Interrogatory No. 4.**

That interrogatory asked plaintiffs to identify specific dates – the date on which you contend a contract with the United States was formed and the date(s) on which you contend that contract was breached.

> The contracts were formed on the date that the first tuition payment was made. Per University of Farmington records, you have indicated that the first tuition payments
> were made on:
> -Teja Ravi – February 26, 2018
> -Swetha Bachu – February 28, 2018
> -Sneha Parthasarathy – August 8, 2017
> -Rajesh Ghourvani – February 15, 2018
> -Akhil Mohan – February 12, 2018
> The contracts were breached when the educational services were not provided. After further discovery, the exact dates of breach are less clear, as the plaintiffs were repeatedly told that there would be classes provided at a later date and that their professional experiences could count toward their degree program.
>
> The range is clear. The breaches occurred sometime between January 2015* - December 2019.
>
> When the visas were initially issued, the students had the understanding that they were conducting pre-course OPT (Optional Practical Training), and the University's expectation was that they would be conducting work and professional experience related to their STEM education. The students were told that their past professional and educational experiences would count to their degree. The students were repeatedly told that classes would begin soon.
>
> * The initial date is based on an authorization document from September 2015, but further productions from the government may show it earlier than that.

CERTIFICATION OF INTERROGATORY ANSWERS

I certify under oath that the factual statements made in Supplemental Response to Interrogatory 4 are true to the best of my knowledge, information, and belief.


_Ravi Teja_
SIGNATURE

03/15/2026
DATE


Ravi Teja
NAME

# EXHIBIT C

 Outlook

---

## Re: URGENT - Time Sensitive re: Signature Needed

---

**From** teja ravi <rteja████@gmail.com>

**Date** Mon 3/16/2026 2:00 AM

**To**    Amy E Norris <norris.ae@gmail.com>; Anna Nathanson <anna@norrislawgroup.org>

📎 2 attachments (302 KB)

RaviCertification_of_Supplemental_Response_to_Interrogatory_4 (1) (1).pdf;
RaviUniversity_of_Farmington_Second_Set_of_Interrogatories_and_Certification (1) (1) (1).pdf;



On Fri, Mar 13, 2026 at 8:39 AM Amy E Norris <norris.ae@gmail.com> wrote:





# EXHIBIT D

## CERTIFICATION OF DISCOVERY RESPONSES

I certify under oath that I have provided all communications in my possession regarding the University of Farmington to my knowledge, information, and belief.

*Ravi Teja*
SIGNATURE

04-14-2026
DATE

Ravi Teja
NAME