IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TEJA RAVI, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 20-1237
(Judge Armando O. Bonilla)

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF TEJA RAVI FOR FAILURE TO PROSECUTE

Plaintiffs' response to our motion to dismiss for failure to prosecute fails to address or meaningfully respond to any of the concerns raised in our motion. To wit, plaintiffs proffer no further evidence that would permit the verification of the authenticity of any of the certifications purportedly signed by Mr. Tiyyagura and no further explanation or information regarding Mr. Tiyyagura's purported loss of access to his relevant email address or his efforts to preserve documents for purposes of this litigation. Indeed, plaintiffs' counsel does not even attempt to make *any* representation that they have restored ongoing communication with Mr. Tiyyagura, much less provide any assurances that if restored, his continued participation would be stable.

Plaintiffs' main retort appears to be that defendant is too late to raise its concerns. Under the circumstances, that retort cannot be credited because throughout the discovery period plaintiffs' counsel intentionally withheld—and repeatedly made assurances that, it turns out, were materially misleading in their omissions—information about Mr. Tiyyagura's lack of participation. Put simply, since undersigned counsel entered her appearance in September 2024, there has been no verifiable evidence of Mr. Tiyyagura's participation in this case: (1) the (minimal) documents that have been produced regarding Mr. Tiyyagura, plaintiffs' counsel stated were in *her* possession (not Mr. Tiyyagura's) at the time of production, and (2) the

documents purportedly signed by Mr. Tiyyagura use electronic "signatures"—curiously in different fonts—that have no unique identifying features that could be used to authenticate their source. And while, when plaintiffs first served Mr. Tiyyagura's purported interrogatory certifications in July, defendant could at least make a good-faith-based assumption that Mr. Tiyyagura intended to prosecute this action, that assumption is no longer tenable absent concrete and verifiable evidence of his involvement. Mr. Tiyyagura's convenient—but seemingly blink-and-you'll-miss-it temporary—alleged re-emergence on the day fact discovery closed is insufficient. Prior to March 16, 2026, Mr. Tiyyagura stopped communicating with his counsel so thoroughly that plaintiffs' counsel feared he might be deceased. And, as their response now admits, plaintiffs' counsel knew that Mr. Tiyyagura claimed to have lost access to his prior email at least as of July 2024.

Despite knowing both of these things, when undersigned counsel raised questions about plaintiffs' document production during the course of discovery, plaintiffs' counsel continued to make assurances and representations that they were working on obtaining information, certifications, and documents from Mr. Tiyyagura, and *made no mention* either of the fact that they had lost contact with Mr. Tiyyagura *or* that he had purportedly lost access to his prior email. As recounted in our opening motion, plaintiffs' counsel only disclosed the former for the first time on February 17, 2026 and the latter on March 18, 2026; both seemingly as an afterthought. Nor, as discussed during the February 18 status conference, would it have made sense for defendant to move to compel regarding Mr. Tiyyagura between February 17, 2026 and the close of fact discovery on March 16, 2026: throughout that period he was known to be missing, and might very well not have continued to be a plaintiff.

But defendant's prior willingness to take plaintiffs' counsel at their (now thoroughly

undermined) word should not shield Mr. Tiyyagura from the consequences of his failure to participate in discovery and preserve documents.

The Court should dismiss Mr. Tiyyagura from this action.[1]  At minimum, the Court should order Mr. Tiyyagura to fully account for his failure to preserve documents and provide certifications of all of his interrogatory responses and regarding his document production with unique signifiers and objective indicia of authenticity before any further proceedings, *e.g.*, plaintiffs' motion for class certification, commence.

<div style="margin-left:40%">

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

ERIC P. BRUSKIN
Assistant Director

s/  Galina I. Fomenkova
GALINA I. FOMENKOVA
Senior Trial Counsel
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 514-5495
galina.fomenkova@usdoj.gov

</div>

April 30, 2026                                        *Attorneys for the United States*

---

[1]  Plaintiffs also argue that the Federal Circuit has held that a "dismissal for failure to prosecute 'must be supported by a showing of unreasonable delay'" as supported by five factors the trial court must weigh.  ECF 113 at 4–5 (quoting *Bd. of Trs. v. Motorola, Inc.*, 314 F. App'x 284, 287 (Fed. Cir. 2008)).  But in the case that plaintiffs purport to rely on, the Federal Circuit was explicitly citing and relying on *Ninth Circuit* law, because in patent cases the Court applies regional circuit law for procedural issues not unique to patent law.  *Motorola*, 314 F. App'x at 287.  When it comes to dismissals for failure to prosecute in this Court, the Federal Circuit reviews them for abuse of discretion, but does not impose the Ninth Circuit's five-factor test. *See*, *e.g.*, *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986).

3